**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOO SUK KIM,

     Petitioner,

 v.

LORETTA E. LYNCH, Attorney General,

     Respondent.

No. 15-72034

Agency No. A045-460-798

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2017**

Before: TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

 Joo Suk Kim, a native and citizen of South Korea, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his motion to reopen removal proceedings conducted in absentia. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of

---

 * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen and review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not err or abuse its discretion in denying Kim's motion to reopen as untimely, where he filed his motion more than six years after his final administrative order of removal, *see* 8 C.F.R. § 1003.23(b)(1) (a motion to reopen must be filed within 90 days of a final order of removal), he concedes notice of the hearing, he concedes that his motion was untimely, and he does not assert any exceptional circumstance exception to the filing deadline, *see* 8 C.F.R. § 1003.23(b)(4)(ii) (setting out exceptions to filing deadline).

Because this determination is dispositive, we do not reach Kim's contentions regarding removability.

To the extent Kim contends that the agency should have exercised its sua sponte authority to reopen his case, this court lacks jurisdiction to consider that contention. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011); *cf. Bonilla v. Lynch*, 840 F.3d 575,588 (9th Cir. 2016).

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**